**Jeannette REA, Plaintiff,**

v.

**John P. REA, Defendant.**

**Civ. No. 1838.**

United States District Court
District of Columbia.

Oct. 14, 1954.

John Alexander, Washington, D. C., for plaintiff.

Jean M. Boardman, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a motion by the plaintiff in a divorce suit for summary judgment. The motion is based on a claim of *res judicata,* in that the material issues of fact had been adjudicated in prior litigation between the parties.

It is the policy of this jurisdiction that no divorce should be granted except on the basis of a hearing in open court at which evidence is adduced. The purpose of that policy is to prevent collusion in divorce cases. It has been figuratively said, time and time again, that the public is a third party in every divorce case and has an interest in the preservation of the marriage bond, and that, therefore, no divorce should be granted until after the court hears evidence.

This policy is in part embodied in the District of Columbia Code, Title 16, Section 419, which prohibits the granting of a decree for divorce on default, without proof; and further which provides that any admission contained in a defendant's answer may not be taken as proof of the facts admitted thereby. It is further illustrated in the statutory provision, D.C.Code, Title 16, Section 418, which requires this Court to appoint an attorney for the defendant in every uncontested divorce case, whose duty it is to defend the action actively.

It necessarily follows, therefore, that no divorce should be granted by a judgment on the pleadings or by summary judgment.

It should be understood that the Court does not intend to hold that a complaint may not be dismissed by a motion for judgment on the pleadings or as a result of a motion for summary judgment. The Court holds merely that a divorce may not be granted in this manner and without the taking of evidence.

Moreover, the Court is of the opinion that *res judicata*, on which the moving party relies as a basis for its application for summary judgment, has not been established by the finding of the Court in the prior case.

Motion denied.